Fill in this information to identify your case:

Debtor 1: Hortensia Hicks
(First Name) (Middle Name) (Last Name)

Debtor 2: _____
(Spouse, if filing) (First Name) (Middle Name) (Last Name)

United States Bankruptcy Court for the: Eastern District of Wisconsin
(State)

Case number (If known): 21-25838

# Official Form Plan for the Eastern District of Wisconsin
# Chapter 13 Plan

5/2021

## Part 1: Notices

"Debtor" as used in this plan means both debtors in a joint case, except where otherwise specified. "Estate" means the estate of each debtor, unless otherwise specified.

**To Debtor:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not mean that the option is necessarily appropriate for you. Plans that do not comply with local rules and judicial rulings may not be confirmable. Nothing in this plan controls over a contrary court order.

**THIS FORM PLAN MAY NOT BE ALTERED OTHER THAN THE NONSTANDARD PROVISIONS IN PART 8 BELOW.**
*Nonstandard provisions set out elsewhere in this plan are ineffective.*

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, your attorney must file an objection to confirmation. The objection must be filed within 28 days of the completion of the Section 341 Meeting of Creditors. The court may schedule a hearing on any timely filed objections. The court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. You must timely file a proof of claim. The trustee will only pay creditors who hold allowed claims provided for by the plan.

**Note to Secured Creditors**: If your secured claim is not provided for in Part 3 below, no funds will be disbursed to you by the trustee on your secured claim.

The following matters may be of particular importance. *Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |

### Part 2: Plan Payments and Length of Plan

All plan terms relating to the debtor's submission of future earnings or income to the trustee as is necessary for the execution of the plan must be contained in this Part 2.

- Each debtor is responsible for making all payments required by the plan or confirmation order, including those that are deducted from wages as a result of a payroll deduction order.
- The debtor may change the manner of payment to the Trustee, rather than the amount of the payments, by filing Form 9011.
- The debtor may change the amount of the plan payment only by filing and serving an amendment (pre-confirmation) or modification (post-confirmation) to the plan.
- The plan may not provide for payments over a period that is longer than 60 months.

2.1 **Length of plan**:

    A. **Length of plan:** This is a __60__ month plan.

        *Debtor must check one of the following boxes*:

        ☒ **Debtor's current monthly income is OVER median**

        For an OVER-median-income debtor, the plan ends sixty (60) months from the beginning of the plan term or when all allowed nonpriority unsecured claims are paid in full.

        ☐ **Debtor's current monthly income is UNDER median**

        For an UNDER-median-income debtor, the debtor must make sufficient periodic or other payments to enable the trustee to make the distributions to creditors stated in this plan. Thirty-six (36) or more months from the beginning of the plan term, the plan will end when all holders of allowed nonpriority unsecured claims have received the payment amount or percentage stated in Part 5. Prior to thirty-six (36) months from the beginning of the plan term, the plan will end when all holders of allowed claims have received the payment required by the plan and holders of nonpriority unsecured claims have been paid in full. The plan will not end earlier than sixty (60) months if there is a creditor listed in § 4.5 of this plan that will receive less than full payment of its claim under 11 U.S.C. §§ 1322(a)(4) and 507(a)(1)(B).

    B. **First payment is due under the plan and the applicable commitment period begins:**

        *Debtor must check **either** (1) or (2) (do not check both) and then must check one (and only one) provision in the chosen section:*

        ☒ **(1) The debtor paid the filing fee when filing the petition**, the first payment is due under the plan (choose one):

            ☒    Thirty (30) days after the date of filing the petition.

            ☐    Thirty (30) days after the entry of an order confirming the plan.

            ☐    On the following date: _____.

        Or

        ☐ **(2) The debtor filed an application to pay the filing fee in installments**, the first payment is due under the plan (choose one):
            ☐    The plan term begins thirty (30) days after the final installment is due.

            ☐    Thirty (30) days after the entry of an order confirming the plan.

            ☐    On the following date (after the final installment is due) _____.

    If debtor makes no selection or makes multiple selections, then the first payment is due under the plan thirty (30) days after the date of filing the petition.

    The debtor must comply with the payment obligations made under 11 U.S.C. §1326, regardless of which selection is made here; thus, **the debtor must commence making payments to the trustee in the amount proposed in Part 2.2 no later than 30 days after filing the bankruptcy petition**, unless the court orders otherwise.

Debtor _____     Case number _____

**2.2 Plan Payments.** Regular payments to the trustee will be made from future income in the following manner:

*Sub A – Go to Sub B for "step" or "skip" plans*

☒ **Plan has no changes in periodic plan amounts or frequency (no "steps")**

Plan payments are $ __1,134.00__ Monthly.

*Check all that apply.*

☐ Debtor will make payments pursuant to a payroll deduction order.
  ☐ Debtor **[insert 1 or 2 here]**, employer listed on Schedule I #1, will make payments at the following pay frequency:
    ☐ Weekly  ☐ Bi-weekly or every other week  ☐ Semi-Monthly or two times each month  ☐ Monthly

  ☐ Debtors are dividing payments.
    ☐ Debtor 1 employer listed on Schedule I #1, will pay $_____monthly at the following pay frequency:
      ☐ Weekly  ☐ Bi-weekly or every other week  ☐ Semi-Monthly or two times each month  ☐ Monthly

    ☐ Debtor 2 employer listed on Schedule I #1, will pay $ _____ monthly at the following pay frequency:
      ☐ Weekly  ☐ Bi-weekly or every other week  ☐ Semi-Monthly or two times each month  ☐ Monthly

☒ Debtor will make payments directly to the trustee. If a joint case, the payment order will be in the names of both debtors.
☐ Debtor 1 and Debtor 2 are dividing payments.
  ☐ Debtor 1 will pay $_____ per month directly to the trustee.
  ☐ Debtor 2 will pay $_____ per month directly to the trustee.

*Sub B "step plans" or "skip" plans*

☐ **Plan has changes in periodic plan amounts or frequency ("steps" or "skips")** *If none, the rest of 2.2 need not be completed or reproduced.*

The plan is a step or skip plan because _____.

☐ Debtor will pay $ _____ monthly through and including **[INSERT MONTH AND YEAR]**
[and $ _____ monthly through and including **[INSERT MONTH AND YEAR].]** *Insert additional lines if needed.*

*Check all that apply.*

☐ Debtor will make payments pursuant to a payroll deduction order.
  ☐ Debtor **[insert 1 or 2 here]**, employer listed on Schedule I #1, will make payments at the following pay frequency:
    ☐ Weekly  ☐ Bi-weekly or every other week  ☐ Semi-Monthly or two times each month  ☐ Monthly

  ☐ Debtors are dividing payments.
    ☐ Debtor 1 employer listed on Schedule I #1, will pay $_____monthly through and including [INSERT MONTH AND YEAR]. [and $ _____ monthly through and including **[INSERT MONTH AND YEAR].]** *Insert additional lines if needed* at the following pay frequency:
      ☐ Weekly  ☐ Bi-weekly or every other week  ☐ Semi-Monthly or two times each month  ☐ Monthly

    ☐ Debtor 2 employer listed on Schedule I #1, will pay $ _____ monthly through and including [INSERT MONTH AND YEAR]. [and $ _____ monthly through and including **[INSERT MONTH AND YEAR].]** *Insert additional lines if needed* at the following pay frequency:
      ☐ Weekly  ☐ Bi-weekly or every other week  ☐ Semi-Monthly or two times each month  ☐ Monthly

☐ Debtor will make payments directly to the trustee. If a joint case, the payment order will be in the names of both debtors.
☐ Debtor1 and Debtor 2 are dividing direct payments.
  ☐ Debtor 1 will pay $_____ per month through and including [INSERT MONTH AND YEAR] [and $ _____ monthly through and including **[INSERT MONTH AND YEAR].]** *Insert additional lines if needed* directly to the trustee.
  ☐ Debtor 2 will pay $_____ per month through and including [INSERT MONTH AND YEAR] [and $ _____ monthly through and including **[INSERT MONTH AND YEAR].]** *Insert additional lines if needed* directly to the trustee.

**2.3 Additional payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.3 need not be completed or reproduced.*

☐ Debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.4** The total amount of estimated payments to the trustee provided for in §§ 2.2 and 2.3 is $ __68,040__ .

**2.5 Income tax returns.** The debtor will supply the trustee with a copy of each federal and state income tax return filed during the plan term within 14 days of filing any return. The tax refunds received by the debtor must be accounted for on Schedules I and J and, if applicable, Form 122-C-2.

## Part 3: Treatment of Secured Claims

The following provisions apply to subparts 3.1, 3.2, and 3.3.

The trustee will disburse amounts listed in the *Monthly plan payment on arrearage* and *Monthly payment to creditor* columns each month. If no amount is listed in the *Monthly plan payment on arrearage* or *Monthly payment to creditor* columns, the trustee will disburse payments to the creditors listed in Part 3 pro rata with other secured creditors that do not receive equal monthly payments.

If a secured creditor obtains relief from the automatic stay as to collateral listed in this section, the trustee will cease further payments to that creditor, and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims (beyond payments actually made to creditor as of that date) or any further payment on those claims to the extent secured by that collateral regardless of whether the plan provided for payment on those secured claims before the creditor was afforded relief from stay.

The trustee will pay any arrearage listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) or 3004, and allowed amounts listed on such proof of claim control over any contrary amounts stated below as to the current installment payment and arrearage.

Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

**3.1 Maintenance of payments and cure of any default.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor will maintain payments during the case on allowed secured claims listed below by paying the contractually due amount directly to the claimant. For allowed secured claims provided for in this section of the plan, the trustee will pay the arrearage in full, with interest, if any, at the rate stated in the *Interest rate on arrearage* column. If the *Interest rate on arrearage* column is left blank, the trustee will not pay interest on the arrearage.

The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor | Collateral | Amount of arrearage – Disbursed by Trustee (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____ | $_____ |
| _____ | _____ | $_____ | _____% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and modification of undersecured claims held by non-governmental entities.** *Check one.*

*This paragraph applies only to allowed secured claims held by non-governmental entities. Provision for payment of allowed secured claims held by governmental entities may only be made in paragraph 3.3. Requests to determine the allowed value of a secured governmental claim must be made by claim objection or motion.*

❏ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☒ The debtor requests that the court determine the allowed value of the secured claims listed below. For each secured claim, the debtor states that the allowed value of the secured claim should be as set out in the *Amount of secured claim* column. If the total amount of the proof of claim is less than the amount listed in the *Amount of secured claim* column, the lower amount listed on the proof of claim is allowed and will be paid in full. For each listed claim, the allowed value of the secured claim will be paid in full with interest at the rate stated below.

If no entry is made in the *Interest rate* column, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or proof of claim, then no interest will be paid.

The trustee will disburse amounts listed under the *Monthly payment to creditor* column in equal monthly payments.

The portion of any allowed claim that exceeds the amount stated in the *Amount of secured claim* column will be treated as an unsecured claim under Part 5 of this plan. If the *Amount of secured claim* below is blank or states a value not exceeding $0, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The allowed amount of the creditor's total claim listed on the proof of claim controls over any amount listed in the *Estimated amount of creditor's total claim* column.

The holder of any allowed secured claim having a value greater than $0, as listed below in the *Amount of secured claim* column, will retain the lien on the property interest of the debtor or the estate until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien on the debtor's and the estate's interest in the property that secures the claim (*Collateral*) is terminated and deemed released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Fifth-Third Bank | $ 21,713.50 | 2017 Ford Escape | $_____ | $_____ | $ 21,713.50 | 4 % | $ 400.00 | $ 23,993.23 |
| Ford Credit | $ 19,895.91 | 2018 Ford Explorer | $_____ | $_____ | $ 19,895.91 | 4 % | $ 366.41 | $ 21,984.81 |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 and payment of fully secured claims**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or

(3) otherwise fully secured under 11 U.S.C. § 506(a), or

(4) allowed secured claims held by governmental units.

The plan directs the trustee to pay these allowed claims in full, with interest at the rate stated below, except that tax claims of governmental units will receive interest as required by 11 U.S.C. § 511.

*Interest rate column.* Tax claims of governmental units: the debtor must state the rate required by 11 U.S.C. § 511 in the *Interest rate column* below to permit parties to calculate feasibility. All other claims: if the plan does not state a rate in the *Interest rate* column, the proof of claim controls the rate of interest; if no interest rate is listed in the plan or proof of claim, the plan pays the claim without interest.

These payments will be disbursed by the trustee.

The trustee will disburse amounts listed under the *Monthly payment to creditor* column in equal monthly payments.

The allowed claim amount stated on a proof of claim controls over any contrary amount listed below.

The holder of any allowed secured claim having a value greater than $0, as listed below in the *Amount of secured claim* column, will retain the lien on the property interest of the debtor or the estate until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien on the debtor's and the estate's interest in the property that secures the claim (*Collateral*) is terminated and deemed released by the creditor.

| Name of creditor | Collateral | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | ____% | $_____ | $_____ |
| _____ | _____ | $_____ | ____% | $_____ | $_____ |

*Insert additional claims as needed.*

Debtor _____    Case number _____

### 3.4 Lien avoidance.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** <br><br> _____ | a. Amount of lien | $ _____ | **Amount of secured claim after avoidance** (line a minus line f) <br> $ _____ |
|  | b. Amount of all other liens | $ _____ |  |
| **Collateral** <br><br> _____ | c. Value of claimed exemptions | + $ _____ | **Interest rate** (if applicable) <br><br> _____ % |
|  | d. Total of adding lines a, b, and c | $ _____ |  |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) <br><br> _____ <br><br> _____ | e. Value of debtor's interest in property | − $ _____ | **Monthly payment on secured claim** <br> $ _____ |
|  | f. Subtract line e from line d. | $ _____ | **Estimated total payments on secured claim** <br> $ _____ |
|  | Extent of exemption impairment <br> (*Check applicable box*): <br> ☐ **Line f is equal to or greater than line a.** <br>   The entire lien is avoided. *(Do not complete the next column.)* <br> ☐ **Line f is less than line a.** <br>   A portion of the lien is avoided. (*Complete the next column.*) | | |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor surrenders to each creditor listed below the collateral that secures the creditor's claim. As to those creditors, entry of an order confirming this plan immediately (1) terminates the stay under 11 U.S.C. § 362(a) as to the collateral only, (2) terminates any stay under 11 U.S.C. § 1301, (3) abandons the collateral under 11 U.S.C. § 554(b), (4) satisfies each creditor's allowed secured claim in full, and (5) pays any allowed unsecured claim in the manner provided for in Part 5. Unless otherwise ordered, confirmation of the plan does not preclude requests to determine the secured and unsecured amounts of claims provided for by this Part 3.5.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

**3.6 Pre-confirmation adequate protection payments.**

*Check one.*

❏ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☒ Secured creditors who are entitled to pre-confirmation adequate protection payments on personal property under 11 U.S.C. § 1326(a) must file a claim to receive such payments. Upon confirmation, the treatment of secured claims will be governed by the applicable paragraph above. The principal amount of the claim will be reduced by the amount of adequate protection payments disbursed by the trustee. The trustee will make the following monthly disbursements to creditors:

| Name of creditor | Collateral | Monthly adequate protection payment amount |
|---|---|---|
| Fifth-Third Bank | 2017 Ford Escape | $350.00 |
| Ford Credit | 2018 Ford Explorer | $350.00 |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __5__% of plan payments; and during the plan term, they are estimated to total $_____.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor is estimated to be $__2,250.00__. **Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.**

**4.4 Priority claims other than allowed administrative expenses and domestic support obligations as treated in § 4.5.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

❏ The debtor estimates the total amount of other priority claims to be $ _____ as detailed below.

| Name of creditor | Estimated amount of priority unsecured claim |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

**4.5 Domestic support obligations.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

*Check one or more.*

☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that is not owed or assigned to a governmental unit as provided by 11 U.S.C. § 507(a)(1)(A) and will be paid the full amount of the claim under 11 U.S.C. § 1322(a)(2).

| **Name of creditor** | **Estimated amount of priority unsecured claim** |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

☐ The allowed priority claims listed below are based on a domestic support obligation that is owed or assigned to a governmental unit as provided by 11 U.S.C. § 507(a)(1)(B) and will be paid the full amount of the claim under 11 U.S.C. § 1322(a)(2).

| **Name of creditor** | **Estimated amount of priority unsecured claim** |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

☐ The allowed priority claims listed below are based on a domestic support obligation that is owed or assigned to a governmental unit as provided by 11 U.S.C. § 507(a)(1)(B) and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). If the *Available funds to creditors in Parts 3 and 4* box is selected, then there should be no distribution to nonpriority unsecured creditors in Part 5 until or unless the § 507(a)(1)(B) claim is paid in full. *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| **Name of creditor** | **Amount of claim to be paid** |
|---|---|
| _____ | ☐ Available funds after creditors in Parts 3 and 4 are paid |
| | ☐ $ _____ |
| | ☐ Percent of claim _____ % |
| _____ | ☐ Available funds after creditors in Parts 3 and 4 are paid |
| | ☐ $ _____ |
| | ☐ Percent of claim _____ % |

*Insert additional claims as needed.*

Debtor _____   Case number _____

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☒ __100__ % of the total amount of these claims, an estimated payment of $16,335.18 .

If the estate of the debtor were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor will maintain the contractual installment payments directly to the creditor and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment through the trustee. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name or description of creditor | Amount of arrearage to be paid |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

*Insert additional claims as needed.*

5.3 **Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified. The amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph under the *Amount to be paid on the claim* column. If the *Interest rate* column is left blank, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or on a proof of claim, the trustee will not disburse any interest. The creditors in this section will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor or other | _____% | $_____ |
| _____ | _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor or other | _____% | $_____ |

*Insert additional claims as needed.*

| Part 6: | Executory Contracts, Unexpired Leases, and Post-Petition Claims Filed Under § 1305 |
|---|---|

6.1 **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** The debtor will disburse current installment payments directly, as specified below. The trustee will disburse arrearage payments. The amount necessary to cure the default listed on the proof of claim controls over any contrary amounts listed in this paragraph under the *Amount of arrearage to be paid by trustee* column.

| Name of creditor | Description of leased property or executory contract | Amount of arrearage to be paid by trustee |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |

*Insert additional contracts or leases as needed.*

6.2 **Post-petition claims filed under 11 U.S.C. § 1305.** Check one.

☒ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse no funds on that claim.

☐ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse funds on the claim. If necessary the debtor will modify the plan to maintain plan feasibility.

| Part 7: | Vesting of Property of the Estate and Order of Distribution of Available Funds by the Trustee |
|---|---|

7.1 **Property of the estate will vest in the debtor upon**

*Check the applicable box (if neither box is checked, estate property vests in the debtor when the court enters an order confirming the plan):*

☒ plan confirmation.

☐ other. **Property not vesting at confirmation:** For all property not vesting in the debtor at confirmation, identify that property (if other than all estate property), state when the property will vest in the debtor, and state the reasons for vesting at that time, rather than at confirmation: _____.

7.2 **Order of distribution of available funds by the trustee after plan confirmation.**

Regular order of disbursement after trustee fees:

Any equal monthly payments to secured creditors listed in Part 3, then

all attorney's fees listed in § 4.3, then

all secured debt (paid pro rata) without equal monthly payments in Part 3 and lease arrearages in § 6.1, then

all uncontested and court-allowed fees, expenses, and charges filed pursuant to 3002.1(c) or authorized by court order, then

all priority debt (paid pro rata) under § 1322(a)(2) in §§ 4.4 and 4.5, then

all priority debt (paid pro rata) under § 1322(a)(4) in § 4.5, then

all non-priority unsecured debt (paid pro rata) in Part 5, then

any § 1305 claims in § 6.2.

**Should the case be dismissed or converted to another chapter, the trustee will refund all funds on hand to the debtor.**

### Part 8: Mortgage Modification Mediation and Other Nonstandard Plan Provisions

*Under Bankruptcy Rule 3015(c), nonstandard provisions, including the employment of mortgage modification mediation, must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The plan provisions in this Part, including both subpart 8.2 and 8.3, will be effective only if there is a check in the box "Included" in subpart 1.3.*

**8.1 None.**

☒ *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**8.2 Mortgage Modification Mediation: Check "None" if not employing MMM**

☒ **None.** *If "None" is checked, the rest of subpart 8.2 need not be completed or reproduced.*

❏ **Mortgage Modification Mediation ("MMM") Program Participation:** The debtor will pay the claim, including any arrearage, of [INSERT: CREDITOR NAME] ("Mediation Creditor") secured by the creditor's mortgage on [INSERT: PROPERTY DESCRIPTION] ("Mediation Property") directly to the creditor under agreed modified terms to be determined by mediation through court-supervised mortgage mediation. This plan provision is ineffective unless the debtor files and serves on the Mediation Creditor (as provided in Bankruptcy Rules 9014(b) and 7004) a Notice of Motion and Motion for Court-Supervised Mortgage Mediation no later than 7 days before the first meeting of creditors or by a date the court for cause orders. Unless the court sustains an objection to plan confirmation based on the debtor's failure to file and serve a Motion for Court-Supervised Mortgage Mediation as provided in this section, the court may confirm the plan if it meets the requirements of §1325 even if the debtor has not complied with this section's procedural requirements. This provision does not affect the Mediation Creditor's rights if the debtor and the Mediation Creditor fail to reach agreement on modified terms. If the debtor and Mediation Creditor fail to reach agreement, the debtor surrenders the Mediation Property effective 30 days after the mediator files their report that the parties failed to agree on a modification or such other date as the court for cause orders (the "Date of Surrender"). On the Date of Surrender (1) the stay under 11 U.S.C. § 362(a) is terminated as to the Mediation Property, (2) any stay under 11 U.S.C. § 1301 applicable to the Mediation Property is terminated as to the Mediation Property, (3) the Mediation Property is deemed abandoned under 11 U.S.C. §554(b), (4) the Mediation Creditor's allowed secured claim is deemed fully satisfied, and (5) the Mediation Creditor's allowed unsecured claim will be paid in the manner provided for in Part 5.

**8.3 Other Non-Standard Provisions: Check "None" if no other non-standard provisions**

☒ **None.** *If "None" is checked, the rest of subpart 8.3 need not be completed or reproduced.*

❏ **Other Nonstandard Provisions: State all non-standard provisions and the reasons for their inclusion in the plan.**

_____
_____
_____
_____
_____

Debtor _____    Case number _____

## Part 9: Signatures:

### 9.1 Signatures of Debtor and Debtor's Attorney

*If the Debtor does not have an attorney, the Debtor must sign below; otherwise the Debtor's signature is optional. The attorney for the Debtor, if any, must sign below.*

✗ _[signature]_  
Signature of Debtor 1

Executed on 01 / 19 / 2022  
MM / DD / YYYY

✗ /s/Jeffrey L. Hahn  
Signature of attorney for Debtor

✗ _____  
Signature of Debtor 2

Executed on _____  
MM / DD / YYYY

Date  1/14/22  
MM / DD / YYYY

**By filing this document, each debtor, if not represented by an attorney, or the attorney for each debtor also certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Official Form Plan for the Eastern District of Wisconsin, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*) | $_____ |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*) | $_____ |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*) | $_____ |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*) | $_____ |
| e. | **Fees and priority claims** (*Part 4, total*) | $_____ |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*) | $_____ |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $_____ |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $_____ |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, total*) | $_____ |
| j. | **Nonstandard payments** (*Part 8, total*) | + $_____ |
| | **Total of lines a through j** | $_____ |

Case 21-25838-beh    Doc 24    Filed 01/19/22    Page 14 of 14